UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROBERT LEHMANN; SCOTT FYFE; KIRK GIBBS; RYAN TULLOCH, and SARAH STEELE;<br>   Plaintiffs,<br><br>vs.<br><br>S/V THALIA (O.N.: 725680) and her engines, tackle, apparel, appurtenances, etc. *in rem*, and ANTHONY J. LANGLEY, *in personam*,<br>   Defendants. | C.A. No. 1:20-CV-00296-MSM-PAS |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

This case is before the Court on the Defendants' Partial Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 15.) The Defendants have moved to "dismiss certain of Plaintiffs ... claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure as they are moot.". For the reasons stated below, the Defendants' motion is DENIED.

I.    BACKGROUND

Plaintiffs, Robert Lehmann ("Lehmann"), Scott Fyfe ("Fyfe"), Kirk Gibbs ("Gibbs"), Ryan Tulloch ("Tulloch"), and Sarah Steele ("Steele") (collectively "the Plaintiffs") filed a complaint in the United States District Court for the District of Rhode Island against the S/V THALIA ("THALIA") *in rem* and Anthony J. Langley,

1

("Langley") *in personam*. The Plaintiffs claimed jurisdiction of this Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333.[1] The allegations in the complaint surround the payment of wages and other contractual benefits to members of the crew of *in rem* defendant THALIA. Beginning in 2014 Plaintiff Lehmann entered into a maritime agreement with defendant Langley to provide services as the Captain of THALIA in exchange for salary and benefits described in the initial contract. Pursuant to a later executed Letter of Authority dated August 28, 2014 Captain Lehmann later hired the remaining Plaintiffs for various crew member positions on the THALIA. Each person signed an individual agreement that detailed, among other things, their role, salary, and benefits. Under each of the agreements the crew member was entitled to 38 paid vacation days per year accrued at a rate of 3.5 days per month for which they would receive payment in lieu of leave for accrued days upon termination of their employment. The agreements also provided for the payment of repatriation expenses.[2]

---

[1] Federal Rules of Civil Procedure Rule 9(h) allows a party to designate claims as "admiralty or maritime actions" if the action is "also within the court's subject-matter jurisdiction on some other ground" while 28 U.S.C. §1333 provides:
> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
> (2) Any prize brought into the United States and all proceedings for the condemnation of property taken as prize.

[2] Repatriation expenses were to be paid by the defendants if the crew members were terminated or no longer able to carry out their duties. (ECF No. 1 ¶25)

The events that precipitated the filing of this lawsuit began when the THALIA arrived in Antigua on March 13, 2020. That arrival coincided with the beginning of significant lockdowns and travel restrictions occasioned by the fast moving and lethal Covid-19 virus. By April 20, 2020 Langley informed Captain Lehmann that he would pay the crew only half of the wages for which they had contracted and that to receive full pay they would need to forfeit unused vacation days. The crew objected to that attempt as a change to their contracts and Langley directed the crew to sail the THALIA back to Newport.[3] She arrived at the Rhode Island port on June 1, 2020. At some point after that arrival Langley told the crew that he would not pay them wages for July 2020 at all and that they would instead be required to discharge unused vacation time in order to be paid for that month. Each crew member resigned and by August 2, 2020 all Plaintiffs had concluded their employment with the Defendants.

The Plaintiffs filed suit alleging three claims; breach of maritime contract; quantum meruit and a claim to enforce a preferred maritime lien. The facts summarized above form the basis of each of these claims. Plaintiffs have alleged that Langley failed to pay them complete wages for the days worked after March 13, 2020

---

[3] The Defendants' dispute this characterization of the April 2020 conversation and assert that the change in pay resulted from an agreement. The difference is immaterial at this time as the court views all disputed facts in the light favorable to the nonmoving party.

as well as failed to pay repatriation expenses.[4] It is these failures that form the basis of each claim. The defendants have filed this "Partial Motion to Dismiss" arguing that, because the defendants paid some money to Plaintiffs Lehmann, Fyfe, and Gibbs and have assured Plaintiffs that their repatriation expenses would be paid once incurred, the case, or portions of it, are moot. If that is true, they argue, this Court lacks subject matter jurisdiction. While the Plaintiffs agree that three of them were given partial payments approximately a month after the filing of this lawsuit, they disagree that the complaint should be dismissed and dispute that they should be required to file an amended complaint reflecting the payments.

## II.   DISCUSSION

The court decides motions to dismiss pursuant to Rule 12(b)(1) using the same standard it uses to decide motions filed pursuant to Rule 12(b)(6), construing "the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs." *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998). The burden rests on the plaintiff to establish the existence of federal subject matter jurisdiction. *Murphy v. United States*, 45 F.3d 520, 522 citing *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir.), *cert. denied*, 114 S. Ct. 82 (1993).

Subject matter jurisdiction depends on the facts of the case when the complaint is filed, although subsequent events can defeat jurisdiction. *Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14, 23 (1st Cir. 2001). For a court to exercise subject

---

[4] Each crew member alleges different loss amounts for wages and payment for accrued vacation time. Those amounts are detailed in the complaint and are not material to this court's resolution of the motion to dismiss.

matter jurisdiction in any given case, there must be an outstanding, unresolved issue between the parties that the court can resolve. Without such a controversy an action becomes moot. The mootness doctrine is founded in "a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed." *Decker v. Nw. Envtl. Def. Ctr.*, 568 U.S. 597, 609, 133 S. Ct. 1326, 185 L. Ed. 2d 447 (2013). If any event during litigation renders a case moot for lack of any effective relief, the court lacks jurisdiction to reach the merits and must dismiss the case. *Iron Arrow Honor Soc'y*, 464 U.S. at 70; *Mills*, 159 U.S. at 653; *Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001).

However, a case is not moot when the parties retain any interest in the outcome of the litigation. ("As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Ellis v. Railway Clerks*, 466 U.S. 435, 442, 104 S. Ct. 1883, 80 L. Ed. 2d 428 (1984)). "[T]he availability of a 'partial remedy' is 'sufficient to prevent [a] case from being moot." *Calderon v. Moore*, 518 U.S. 149, 150 (1996). Therefore, a matter is not rendered moot simply because a defendant has paid – or offered to pay –some of the total amount of damages alleged.

Plaintiffs acknowledge some payment to three of them and concede that the partial payment may reduce the amount of damages owed to them. They assert, however, that each claim still presents a live controversy and, as a result, the action is not moot.

All parties acknowledge that even after Mr. Langley made the partial payment to some Plaintiffs, there remains a live controversy about the amount that each Plaintiff

may recover under each count asserted in the Complaint. That Mr. Langley paid some amount less than what the Plaintiffs demanded does not prevent Plaintiffs from obtaining a remedy through the current action. As a result, none of the three claims are moot. The claims simply assert two bases for recovery of wages and other benefits that they claim are owed, as well as a request for a preferred maritime lien to enforce the payments.

### III.  CONCLUSION

For these reasons Defendants' Motion to Dismiss (ECF No. 15) is DENIED.

IT IS SO ORDERED.

*Mary S. McElroy*
Mary S. McElroy
United States District Judge
February 16, 2021