UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ROBERT LEHMANN; SCOTT FYFE; KIRK GIBBS; RYAN TULLOCH; and SARAH STEELE, <br><br> Plaintiff, <br><br> v. <br><br> S/V THALIA (O.N.: 725680) and her engines, tackle, apparel, appurtenances, etc. *in rem*; and ANTHONY J. LANGLEY, *in personam*, <br><br> Defendants. | C.A. No. 1:20-CV-00296-MSM-PAS |

ORDER

Mary S. McElroy, United States District Judge.

Before the Court is Plaintiff Robert Lehmann's ("Lehmann") Motion for Summary Judgment on counterclaims (ECF No. 34.) Mr. Lehmann is the plaintiff in a suit for breach of contract against his former employer Anthony Langley ("Langley") and S/V THALIA ("THALIA"). He alleges that the defendant Langley failed to pay him for unused vacation time and wages earned during the final months of his employment as captain of the yacht THALIA. (ECF No. 1 at 3-6.) In his Answer, Mr. Langley asserted counterclaims for conversion and unlawful appropriation, alleging that Mr. Lehmann appropriated some unquantified amount of the THALIA's funds and credit as well as an unspecified portion of electronic information. (ECF No. 19 at

1

13-14.)  For the reasons below, Plaintiff's Motion for Summary Judgment (ECF No. 34) is GRANTED, and the counterclaims are dismissed.

Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Garside v. Osco Drug. Inc.,* 895 F.2d 46, 50 (1st Cir. 1990).  Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." *Santiago–Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 52 (1st Cir. 2000).  In determining motions for summary judgment, the court reviews the record in the light most favorable to the non-moving party, and all factual inferences are drawn in their favor. *See Rossy v. Roche Products, Inc.*, 880 F.2d 621, 624 (1st Cir. 1989).  However, a party opposing summary judgment cannot rely on "conclusory allegations, improbable inferences, and unsupported speculation" to overcome the motion.  *Straughn v. Delta Air Lines, Inc.*, 250 F.3d 23, 33 (1st Cir. 2001).

The Court finds that it is precisely these – "conclusory allegations, improbable inferences, and unsupported speculation" – that Mr. Langley relies on in support of his counterclaims.  To support his assertion that Mr. Lehmann misappropriated funds from THALIA, Mr. Langley offers just two pieces of information: first, that Mr. Lehmann failed to provide a monthly accounting of THALIA's 2020 expenses, and

second, that Mr. Lehmann used THALIA's credit card to make cash withdrawals of $11,000 in July 2020. (ECF No. 41 at 7-11.) While Mr. Lehmann's accounting failures may be evidence of his dereliction of one of his responsibilities as captain of THALIA, it is not evidence of a misappropriation of funds. Mr. Langley has also failed to provide any evidence that the $11,000 withdrawal was used for purposes beyond paying THALIA's mooring fees and the wages of dayworkers aboard the yacht, as Mr. Lehmann claimed. (ECF No. 44 ¶ 27.) Given that Mr. Langley has not denied that he received "copies of all credit card statements, as well as certain financial spending information from [Mr.] Lehmann, even if such information was not provided in a particular format," *id.* at ¶ 24, if any actual evidence of a misappropriation of funds existed, Mr. Langley should have been able to reference some concrete indication of it. Instead, when asked if Mr. Lehmann stole anything from him, Mr. Langley first responded that he did not know and then said that he "believe[s] [Mr. Lehmann] took a hard drive." (ECF No. 34 at 4.) When asked if Mr. Lehmann stole anything else from him, Mr. Langley answered, "Not to my knowledge[.]" *Id.* Given this lack of support in the record, it is the Court's belief that that no reasonable jury could find that Mr. Lehmann misappropriated funds from Mr. Langley.

Mr. Langley's evidence that Mr. Lehmann converted his electronic information seems to boil down to three points: 1) the captain who replaced Mr. Lehmann on THALIA could not find certain unspecified ship's records; 2) after multiple requests, Mr. Lehmann provided Mr. Langley with sixty electronic files - fewer than expected; and 3) on July 8, 2020, Mr. Lehmann sent another THALIA employee an email

3

stating that he saved "a bunch" of emails about employee wage issues on his last day of work. (ECF No. 41 at 11-13.) Taken together, this evidence does not support Mr. Langley's counterclaim of conversion. It shows only that Mr. Lehmann's replacement could not find certain unspecified records and that Mr. Lehmann saved several emails he wrote about the subject of this lawsuit prior to losing access to his email account. Mr. Langley also admits that he does not ascribe any monetary value to the electronic data he charges Mr. Lehmann with taking. (ECF No. 42 ¶ 7.) Even viewing this record in the light most favorable to Mr. Langley, it fails to reach the summary judgment bar.

Mr. Langley also argues that the Court should reject Mr. Lehmann's Motion because it was untimely filed. (ECF No. 41 at 2-3.) While Mr. Lehmann was, undoubtedly, late in making this Motion, the Court retains discretion to consider it regardless of the timing. Doing so seems appropriate in this case, where Mr. Langley's counterclaims are based on such thin evidence that they border on the frivolous. For these reasons, Mr. Lehmann's Motion for Summary Judgment (ECF No. 34) is GRANTED, and Mr. Langley's counterclaims are dismissed.

IT IS SO ORDERED.

_____
Mary S. McElroy,
United States District Judge

January 20, 2023